UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| William Amattey | ) |
|         Plaintiff | ) |
| | ) |
| Versus | ) NO: |
| | ) |
| Supreme Court of State | ) |
| Of Illinois, | ) |
|         Defendant | ) |

**PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES your humble plaintiff by his attorney complaining of the defendant and in support of this complaint against defendant Supreme Court of Illinois states the following:

**JURISDICTION**

1. This court's jurisdiction is invoked pursuant to the Privileges and Immunities Clause of the United States Constitution (Article IV section 2(1) of the United States Constitution), the Due Process and Equal Protection clauses of the 14th Amendment to the United States Constitution, Section 1983 of the Civil Rights Act of 1964 as amended and 28 USC section 2201.

**PARTIES**

2. Plaintiff is a member in good standing of the bars of the State of New York, United States District Court for Northern Illinois, United States Court of Appeals for the 7th Circuit and the Ghana Bar Association. Plaintiff has also been a member of the American Bar Association since 1995 and is currently an active member of said organization.

3. Defendant is the Supreme Court of the State of Illinois, which is by law of the State of Illinois, charged with admitting persons to be members of the bar of the State of Illinois and determining who can practice law in the State of Illinois and generally responsible for making rules governing the practice of law in the State of Illinois..

**FACTUAL BACKGROUND**

4. Plaintiff is a resident of the State of Illinois and a citizen of the United States.

5. Plaintiff was born in Ghana and had his University education in Ghana and is a member of the bar of the State of New York in the United States.

6. Plaintiff is prevented from becoming a member of the bar of the State of Illinois because respondent has adopted a bizarre rule that prevents any person, no matter how competent or knowledgeable, from becoming a member of the bar of the State of Illinois, if the applicant did not attend a law school approved by American Bar Association,(ABA) a private law association, and obtain a first degree in law without first taking the general examination of the bar of the state of Illinois. This is not required of lawyers graduating from an ABA approved law school who are applying as members of the bar of other states.

7. Plaintiff's college and legal education were obtained in the Republic of Ghana and is in every way equivalent to whatever education is prescribed by defendants as qualifying criteria for a candidate to take the bar exam of the State of Illinois.

8. However, because American Bar Association may never have heard of plaintiff's college much less approved it, plaintiff is forever barred from practicing law in the State of Illinois by Rules 703(b), 705, and 715 made by defendant Supreme Court.

9. It is plaintiff's contention that said rules of limitation placed on persons applying for membership of the bar of the State of Illinois, unfairly, irrationally and unjustifiably discriminates against people in plaintiff's position that did not attend law schools in the United States approved by the American Bar Association.

10. Persons in plaintiff's position that did not grow up in the State of Illinois and did not have the privileges of attending a college approved by a private body, the American bar Association, are forever barred from practicing their profession in the State of Illinois no matter the quality of their education and their knowledge of the principles of law.

11. A person could be the leading figure in the law of the State of New York, in fact he could be the Chief Justice of the United States but he would still be barred from practicing law in the State of Illinois if he did not attend a school or college approved by the American Bar Association unless he takes the general examination that others similarly situated are exempted from.

12. The rules of restriction adopted by the Supreme Court of the State of Illinois are bizarre and one Supreme Court judge sees it as an improper delegation of judicial and delegated power. *Delegatus non potest delegare*. ( a delegate must not delegate his powers).

13. Even where the defendant Supreme Court makes a token pretension of opening the door to foreign educated lawyers, it introduces impediments that make the ostensible admission only illusory. See Rule 715 of the Supreme Court of Illinois Rules of the Bar of the State of Illinois.

14. Plaintiff claims that rules such as Illinois Supreme Court Rule 703 discriminates against plaintiff and is a violation of the Equal Protection and due process clauses of the 14th Amendment to the United States Constitution, is a violation of Article 4 Section 2 of the United States Constitution and also is a violation of Section 1983 of the Civil Rights Act of 1964 as amended in that it uses a State Institution to discriminate against the plaintiff and other citizens in plaintiff's situation on the basis of school attended.

15. Defendants Rules restricting legal practice in Illinois to persons graduating from American Bar Association law schools are not meant for maintaining quality in the legal profession but for protecting the financial bottom line of members of the bar to keep the community limited.

16. Among the offending rules are Rule 703 (b), Rule 705, and Rule 715.

## **RELIEF DEMANDED**

a). Plaintiff humbly prays this honorable court to declare said offending rules limiting membership of the bar of the State of Illinois to graduates of the ABA approved law Schools to be abdication of the judicial function imposed on the Illinois Supreme Court by the Illinois Constitution and a violation of the legal maxim *delegatus potest non delegare.*

b). Plaintiff also prays the court to declare any rules of the aforementioned Supreme Court creating special privilege for the practice of law in the State of Illinois to graduates of law schools approved by the American Bar Association is a violation of the Equal Protection and Due Process clauses of the 14th Amendment to the United States Constitution.

c). Plaintiff also prays the court to declare as a violation of Article 4 Section 2 of the United States Constitution any Rule of the said Supreme Court of Illinois that creates any special privilege for graduates of American Bar Association approved law schools and discriminates against lawyers from other states who are not graduates of ABA approved law schools.

d). Plaintiff also prays this court to declare any rule that discriminates in favor of graduates of American Bar Association approved law School graduates as a violation of the Civil Rights Act of 1964 as amended as it prevents citizens of such schools from practicing their profession in the State of Illinois.

e). Plaintiff prays for the court to declare that defendants ought to realize that the United States is a Federal form of Government and not a confederacy and that a lawyer enrolled by the State of New York or any other state of the union, for that matter, is as competent as any lawyer enrolled as such by the State of Illinois.

f). Any other relief that this court deems fit and equitable in the circumstances.

g).  Furthermore, plaintiff sayeth nothing.

                                    Respectfully submitted,

                                    S/Fred  Amoakohene

Fred Amoakohene  
Attorney at law  
619 S. LaSalle, Suite 103  
Chicago, Il  60605  
Tel: (312) 427 7280

Case 1:08-cv-00840    Document 5    Filed 02/27/2008    Page 4 of 7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **William Amattey** | ) |
|         **Plaintiff** | ) |
| | ) |
| **Versus** | ) No: |
| | ) |
| **Supreme Court of State** | ) |
| **Of Illinois,** | ) |
|         **Defendant** | ) |

### Plaintiff's Memorandum in support of Declaratory Judgment

This memorandum will seek to establish that rules such as Illinois Supreme Court Rule 703 and others discriminates against plaintiff and is a violation of the Equal Protection and due process clauses of the 14th Amendment to the United States Constitution, is a violation of Article 4 Section 2 of the United States Constitution and also is a violation of Section 1983 of the Civil Rights Act of 1964 as amended in that it uses a State Institution to discriminate against non state citizens similarly situated. Among the offending rules are Rule 703 (b), Rule 705, and Rule 715.

### ARTICLE FOUR SECTION TWO

Article four section two of the Federal Constitution seeks to protect all citizens of the United States from local discriminatory practices.  To admit to the Bar of the State of Illinois without examination lawyers who attended law schools approved by the American Bar Association and to require equally qualified attorneys that did not graduate from ABA approved law schools to take examination before being admitted to the Bar of the State of Illinois is a form of discrimination that violates the equal protection clause and due process clause of the 14th Amendment to the United States Constitution, violates the privileges and Immunities  provision of the same Constitution and also violates section 1983 of the Civil Right s Act of 1964 as amended..  Article 4, Section 2 of the United States Constitution provides that the citizens of each State shall be entitled to all privileges and immunities of citizens in the several States.  Does a recent graduate of a University approved by the American Bar Association who graduates at the bottom of his/her class have more competence to practice law than a twenty year veteran who graduated from a University not considered by the American Bar Association and who has been admitted by the bar of the State of California or Michigan or New York for that matter?  The rule is discriminatory and seeks to give to lawyers who attended an American Bar Association approved university a privilege which is denied to lawyers who are equally or better qualified but whose only "sin" is the fact that their law schools may not have been approved by a trade association called American Bar Association. Rules 703 (b), Rule 705, Rule 711, Rule 712(b) and Rule 715 are discriminatory and violate the Privileges and Immunities clause of the Federal Constitution and which has

been referred to above.

### THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT

The rules under consideration are irrational and in no way promote the fairness that the judicial system is expected to demonstrate towards all citizens irrespective of which school they attended. It denies to the admittees of other state bars who did not attend a law school approved by the American Bar Association, the chance to practice their profession in the Illinois courts on the ground that they are not likely to be competent while it assumes without question that any lawyer who attended a law school approved by the American Bar Association is competent even without any other demonstration of competence. Such presumption of incompetence is a denial of due process to the lawyer who did not attend a University approved by the American Bar Association. It is interesting to note that the American Bar Association, upon whose approval the defendant is relying to perpetuate its denial of due process to plaintiff, has admitted plaintiff as a member of the ABA on the basis of plaintiff's admission to the bar of the State of New York despite the fact that plaintiff did not attend any of the law schools the American Bar Association has approved. It is clear that the defendant is utilizing the American Bar Association's approval for the wrong purposes. The ABA clearly does not intend that it's approval be used to deny the lawyers in the plaintiff's situation the right to practice law. If an attorney does not need to have graduated from an ABA approved law school to be eligible for appointment to the United States Supreme Court and the Constitution does not restrict Justices of the United States Supreme Court (The highest Court of the land) to individuals who have attended a university approved by the American Bar Association, and does not mandate that lawyers who practice before that court should have been graduates of universities approved by the American Bar Association, why should the Supreme Court of the State of Illinois require otherwise?

### EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT

The restrictive rules under consideration do not give equal consideration to members of the bar of other states who attended universities not approved by the American Bar Association. Such unequal treatment of citizens by the defendant is violative of the 14th Amendment Equal Protection clause.

### SECTION 1983 OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED

Section 1983 of the Civil Rights Act of 1964 as amended makes it a violation of law for every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory to deprive any citizen or person within the United States of any rights, privileges, or immunities secured by the constitution and laws of the United States. By making rules which compel only lawyers who did not graduate from American Bar Association approved law schools to write the Illinois Bar examination before being considered to practice law in Illinois even though those lawyers may be admitted to the bars of the other states, the defendant has and continues to discriminate against the plaintiff and all those in plaintiff's situation.

## SUMMARY

The rules promulgated by the defendant and being enforced by the bar of Illinois, restricting members of the bars of other states who like the plaintiff graduated from universities not on the American Bar Association's list of approved universities, are rules that have no rational basis and serves no identifiable purpose. The rules unreasonably discriminate against lawyers in plaintiff's situation and are violative of the 14th Amendment Due Process and Equal Protection Clauses. The rules also deny to lawyers in the plaintiff's situation, the privileges and immunities that Article 4 Section 2 of the Federal Constitution enjoins should be accorded all citizens.

## CONCLUSION

The rules aforementioned that mandate that attorneys of other state bars who did not attend universities approved by the American Bar Association cannot practice in Illinois Courts are unconstitutional and should be declared as such.

Respectfully submitted,

S/Fred Amoakohene

Fred Amoakohene
Attorney at law
619 S. LaSalle, Suite 103
Chicago, Il  60605
Tel: (312) 427 7280