IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM AMATTEY, | ) |
|     Plaintiff, | ) |
| | ) No. 08 C 840 |
| v. | ) |
| | ) Judge Robert W. Gettleman |
| SUPREME COURT OF THE STATE OF ILLINOIS, | ) |
| | ) |
|     Defendant. | ) |

## MOTION TO DISMISS

The Defendant, the Supreme Court of the State of Illinois, by its attorney, LISA MADIGAN, Attorney General of Illinois, moves this Honorable Court to dismiss the complaint against it pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support thereof, the Defendant states as follows:

1.    The Plaintiff has brought this suit under 42 U.S.C. §1983 against the Illinois Supreme Court asserting that the admission requirements for becoming a member of the bar of the State of Illinois discriminate against Plaintiff, a lawyer educated in Ghana. This Court lacks jurisdiction as the Defendant is immune from suit under the Eleventh Amendment to the United States Constitution.

2.    The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." Although the literal wording appears not to include suits by a citizen against the citizen's own state, subsequent judicial interpretation has extended the immunity to suits by all individuals

regardless of citizenship. The leading modern case is perhaps *Pennhurst v. Halderman*, 465 U.S. 89 (1984):

> The Court's decisions thus establish that an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another state . . . *It is clear, of course, that in the absence of consent a suit in which the state or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought.*

*Id.* at 100 (emphasis added) (internal citations omitted).

3.    This Eleventh Amendment bar to federal jurisdiction over a state and state agencies has been reaffirmed many times. See, *e.g.*, *Joseph v. Board of Regents of University of Wisconsin*, 432 F.3d 746, 748 (7th Cir. 2005); *Nelson v. LaCrosse County Dist. Atty. (State of Wisconsin)* 301 F.3d 820, 827, n.7 (7th Cir. 2002); *Jensen v. State Board of Tax Commissioners of State of Indiana*, 763 F.2d 272, 276 (7th Cir. 1985) (suits against nonconsenting state or one of its agencies or departments "clearly proscribed" by the Eleventh Amendment); *Kroll v. Board of Trustees of University of Illinois*, 934 F.2d 904, 907 (7th Cir. 1991); *Moore v. State of Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993). The Seventh Circuit has confirmed that the Eleventh Amendment applies to federal suits brought against the Illinois Supreme Court. *See Landers Seed Co., Inc. v. Champaign Nat. Bank*, 15 F.3d 729, 731-732 (7th Cir. 1994).

4.    The only exceptions to this rule would be if the state consents to suit (which it has not) or if Congress overrides the Eleventh Amendment by specifically and unequivocally legislating under another constitutional grant of authority, such as section 5 of the Fourteenth Amendment. See *Tennessee v. Lane*, 541 U.S. 509 (2004); *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976). There is no such Congressional override at play here. The suit is brought under 42 U.S.C. §1983. Section

1983 does not abrogate a State's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 342 (1979); *Kentucky v. Graham*, 473 U.S. 159, 169 n. 17 (1985).

5.  The Plaintiff also brings this case under the Declaratory Judgments Act, 28 U.S.C.A. §2201. However, 28 U.S.C.A. §2201 does not provide an independent basis for jurisdiction. *Rueth v. U.S. E.P.A.*, 13 F.3d 227, 231 (7th Cir. 1993).

6.  In short, the Eleventh Amendment deprives this Court of jurisdiction to enter any relief against the Defendant.

7.  As an additional basis for dismissal, the state and state agencies, such as the Defendant, are not "persons" subject to liability within the meaning of section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Landers Seed Co., Inc.,* 15 F.3d at 732, fn. 3; *Joseph*, 432 F.3d at 748; *Carroll v. DeTella*, 255 F.3d 470, 471 (7th Cir. 2001).

WHEREFORE, the Defendant, the Supreme Court of the State of Illinois, respectfully requests this Honorable Court grant its motion to dismiss with prejudice.

|  |  |
|---|---|
| LISA MADIGAN<br>Illinois Attorney General | /s/ *Alice E. Keane*<br>ALICE E. KEANE<br>Assistant Attorney General<br>General Law Bureau<br>100 W. Randolph Street, 13th Floor<br>Chicago, Illinois 60601<br>(312) 814-3711 |